JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 16-1655 JGB (RAOx) | Date | September 15, 2016 |
|---|---|---|---|
| Title | *Darrell Bloomer v. Serco Management Services, Inc. et al.* | | |

Present: The Honorable     JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    **Order: (1) GRANTING Plaintiff's Motion to Remand (Dkt. No. 13); (2) REMANDING the Action to State Court; and (3) VACATING the September 19, 2016 Hearing (IN CHAMBERS)**

    Before the Court is Plaintiff Darrell Bloomer's ("Plaintiff" or "Bloomer") Motion to Remand the Action to San Bernardino County Superior Court. ("Motion," Dkt. No. 13.) This matter is appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After review of the papers filed in support of an in opposition to the Motion, the Court GRANTS the Motion. The September 19, 2016 hearing is VACATED.

## I.     BACKGROUND

    On May 24, 2016, Plaintiff initiated this action against Defendants Serco Management Services, Inc. and Serco, Inc. in California Superior Court for the County of San Bernardino. (Complaint, Dkt. No. 1-2.) Defendant Serco Inc.[1] ("Defendant" or "Serco") removed the action to this Court on July 29, 2016 on the basis of diversity jurisdiction. (Not. of Removal, Dkt.

---

[1] In its Notice of Removal, Defendant Serco Inc. contends that it was erroneously named as "Serco Management Services, Inc. and Serco, Inc." (Not. of Removal at 1.) In support of this contention, Serco Inc. submits the declaration of Richard Gilligan, the Vice President of Ethics and Compliance of Serco Inc. (Gilligan Decl., Dkt. No. 1-11.) Mr. Gilligan declares that on December 31, 2013, Serco Management Services, Inc. was merged into Serco Inc. (Id. ¶ 3.) The Court will therefore treat the named Defendants, Serco Management Services, Inc. and Serco, Inc., as one entity under the name Serco Inc.

No. 1.) On August 18, 2016, Plaintiff filed a motion to remand the action to state court. (Motion, Dkt. No. 13.) Defendant opposed Plaintiff's motion on August 29, 2016. (Opp., Dkt. No. 15.) In support of its opposition, Defendant submitted a Request for Judicial Notice.[2] (RJN, Dkt. No. 15-3.) On September 6, 2016, Plaintiff filed a reply memorandum in support of his motion. (Reply, Dkt. No. 18.)

Bloomer, an employee of Serco, claims he filed complaints with both Serco and the Federal Aviation Administration ("FAA") regarding Serco's violation of various workplace safety laws, FAA regulations, and other aviation and airport regulations. (Complaint ¶¶ 7, 8.) Bloomer claims that Serco retaliated against him for making these complaints by demoting him and transferring him to a different position. (Id. ¶ 10.) As a result, he has suffered and continues to suffer economic damages, including a loss in his earnings, and noneconomic damages, including emotional distress damages. (Id. ¶¶ 11, 12.)

Plaintiff alleges that Defendant violated two sections of the California Labor Code: section 1102.5 and section 6310. Section 1102.5 is a whistleblower protection statute that protects employees from retaliation by their employer for disclosing to a government or law enforcement agency that the employer violated a local, state, or federal rule or regulation. See Cal. Lab. Code § 1102.5. Relatedly, section 6310—which is part of the California Occupational Safety and Health Act—prohibits employers from retaliating against employees because the employee complained to a government agency about occupational health or safety. See Cal. Lab. Code § 6310.

## II.     LEGAL STANDARD

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." Gunn v. Minton, 133 S. Ct. 1059, 1064 (2013). As such, federal courts only have original jurisdiction over civil actions in which a federal question exists or in

---

[2] Exhibit 1 to the RJN is a report from U.S. Courts. The Court does not consider this evidence in ruling on this motion, as such the request to judicially notice the document is DENIED AS MOOT. Exhibits 2 through 6 of the RJN are jury verdict summaries prepared by various private companies, including Westlaw, Lexis, and Verdict Search. (See RJN, Exs. 2-6, Dkt. Nos. 15-3.) Plaintiff does not oppose Defendant's request to take judicial notice of these surveys. It is true that "the accuracy of the jury verdicts as public records of prior proceedings can be determined by readily available resources whose accuracy cannot reasonably be questioned." Vasquez v. Arvato Digital Servs., LLC, No. CV 11-02836 RSWL, 2011 WL 2560261, at *2 (C.D. Cal. June 27, 2011). However, the Court has some concerns as to the reliability of these surveys, which are created not by the courts but by private companies who compile the data by speaking with attorneys. The Court was able to independently verify the accuracy of the verdict awards of the federal court cases, and as such GRANTS Defendant's request to take judicial notice of the jury awards in those cases. In the future, Defendant is encouraged to submit court records rather than jury verdict summaries in its requests for judicial notice.

which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332.

### III.     DISCUSSION

Plaintiff moves to remand this case to state court on the grounds that Defendant has not proven by a preponderance of the evidence that the amount in controversy exceeds $75,000.[3] (Motion at 2.)  Defendant opposes, arguing that Plaintiff's potential recovery for emotional distress damages, punitive damages, penalties, and attorneys' fees amount to over $75,000. (Opp. at 2-10.)

#### A. Penalties

In actions brought pursuant to Labor Code section 1102.5, an employer may be obligated to pay a civil penalty of up to $10,000 per violation to the employee who suffered the violation.  See Cal. Lab. Code § 98.6(b)(3).  Defendant contends that Plaintiff alleges two violations: his demotion and a transfer to a different position, and that therefore there are at least $20,000 in statutory penalties in controversy.  (Opp. at 8.)  The Court is not convinced that these are two separate violations, but Plaintiff does not dispute this calculation.  (Reply at 2.)

Accordingly, the Court finds that Plaintiff's cause of action for violation of section 1102.5 places in controversy $20,000 in statutory penalties.

#### B. Attorneys' Fees

Defendant's attorneys' fees calculation considers fees that will be accrued throughout the entirety of this litigation.  (Opp. at 10.)  However, this Court only considers in its calculation of the amount in controversy attorneys' fees that are incurred as of the date of removal.  District courts in this circuit have expressed different opinions as to whether only attorneys' fees that have accrued at the time of removal should be considered in calculating the amount in controversy, or whether the calculation should take into account fees likely to accrue over the life of the case.  See Hernandez v. Towne Park, Ltd., 2012 WL 2373372, at *19 (C.D. Cal. 2012) (collecting cases).  This Court is persuaded that "the better view is that attorneys' fees incurred after the date of removal are not properly included because the amount in controversy is to be determined as of the date of removal."  See also Davis v. Staples, Inc., No. 13-8937, 2014 WL 29117, at *3 (C.D. Cal. Jan. 3, 2014) (quoting Dukes v. Twin City Fire Ins. Co., 2010 WL 94109, at *2 (D. Ariz. 2010).  Indeed, "[f]uture attorneys' fees are entirely speculative, may be avoided, and are therefore not 'in controversy' at the time of removal."  Id.

---

[3] Plaintiff also argues that "Defendant has not affirmatively made an allegation of its citizenship." (Motion at 2.)  This argument is meritless.  Defendant attached to its Notice of Removal the declaration of Richard Gilligan, the Vice President of Ethics and Compliance of Serco Inc.  (Gilligan Decl., Dkt. No. 1-11.)  This declaration adequately establishes Defendant's citizenship.  (Id. ¶ 2.)

Defendant has not provided any evidence or estimate of fees that have accrued as of the date of removal. In any event, such fees would likely not be significant as the case was filed on May 24, 2016 and removed to this Court only two months later on June 29, 2016—one day after Defendant first appeared in the case. (See Not. of Removal ¶¶ 4, 9.) Accordingly, the Court does not consider Defendant's estimate of attorneys' fees in its calculation of the amount in controversy.

### C. Plaintiff's Refusal to Stipulate

Defendant also argues that Plaintiff's refusal to stipulate to an amount in controversy less than $75,000 is evidence that this motion has not been brought in good faith. (Opp. at 11.) This factor, Defendant argues, "should therefore weigh against remand." (Id.) The Court is not convinced. There is no requirement that Plaintiff stipulate to a lesser amount of damages, and the Court will not penalize Plaintiff for failing to do so. See Richwood v. Brinker Int'l Payroll Co., L.P., No. 216CV01683SVWJEM, 2016 WL 1704114, at *2, fn. 1 (C.D. Cal. Apr. 27, 2016) ("The Court also does not find significant Plaintiff's refusal to stipulate that the amount of damages is below the jurisdictional limit. There is no requirement for Plaintiff to do so.")

### D. Emotional Distress Damages

Plaintiff seeks an unspecified amount of emotional distress damages for the "humiliation, emotional distress and mental pain and anguish" he suffered as a result of Defendant's retaliation. (Complaint ¶¶ 17, 22.) Defendant alleges that Plaintiff's potential recovery for emotional distress damages alone supports a finding that the amount in controversy in this case exceeds $75,000. (Opp. at 2-5.) Defendant cites several cases in support of its argument. The Court finds none of them persuasive.

First, Defendant cites Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005), for the proposition that a district court does not abuse its discretion in finding that where a plaintiff's lost wages amount to $55,000, "her emotional distress damages would add at least an additional $25,000 to her claim." (Opp. at 3.) Here, there are no facts regarding Plaintiff's alleged lost wages. As such, this case is not persuasive.

Defendant's citation to Swinton v. Potomac Corp., 270 F.3d 794 (9th Cir. 2001), is inapposite for the same reason. There, the Ninth Circuit affirmed a jury's award of $30,000 in emotional distress damages where the back pay award was only $5,612. While such an award may be reasonable, the Court has no facts before it regarding Plaintiff's alleged lost wages. Moreover, the plaintiff in Swinton alleged racial discrimination, which is materially different from the retaliation allegations at issue in this case. Because of its highly personal nature, discrimination or retaliation based on race is different in kind from retaliation based on whistleblower conduct, especially as it relates to emotional distress damages. As such, the Court does not find Swinton persuasive.

  Defendant introduces evidence of several other jury verdicts in employment discrimination and retaliation cases, each of which is likewise materially different from the case at hand. Several of them involve plaintiffs that were terminated from their positions, which is factually dissimilar to this case, where Plaintiff alleges he was only demoted and transferred to a different position. See Rodriguez v. Home Depot, U.S.A., Inc., No. 16-CV-01945-JCS, 2016 WL 3902838, at *1 (N.D. Cal. July 19, 2016) (alleging wrongful termination); Simmons v. PCR Tech., 209 F. Supp. 2d 1029, 1030 (N.D. Cal. 2002) (alleging racial discrimination and wrongful termination); Steffens v. Regus Group, PLC, Case No. 08-cv-1494-LAB-WVG (S.D. Cal. March 22, 2013) (alleging wrongful termination); Manuel v. Heart to Heart Care, Inc., Los Angeles Superior Court Case No. BC527985 (April 28, 2015) (same); Marlo v. UPS, Inc., 2012 WL 8441462 (C.D. Cal. Nov. 8, 2012) (same). Emotional distress damages stemming from termination are likely to be much greater than mere demotion or transfer to another position. Accordingly, the Court does not find these cases persuasive.

  Defendant also cites Velez v. Roche, 335 F. Supp. 2d 1022, 1024 (N.D. Cal. 2004), which affirmed a jury's award of $300,000 in emotional distress damages to a plaintiff alleging sexual harassment and hostile work environment claims. Similar to discrimination or retaliation claims based on race, as discussed above, sexual harassment and hostile work environment claims are likely to generate much higher emotional distress damages awards because of their personal and highly offensive nature than claims of retaliation based on whistleblower conduct. Accordingly, the Court does not find this case sufficiently factually analogous to be persuasive.

  Finally, Defendant cites Gardenhire v. Hous. Auth., 85 Cal. App. 4th 236 (2000). In that case, an employee of a city housing authority reported to her supervisor misconduct on the part of a consulting contractor. 85 Cal. App. 4th at 238. Thereafter, she began receiving unfavorable performance evaluations and was threatened with termination. Id. at 239-40. She brought suit against her employer alleging various causes of action, including causes of action for intentional infliction of emotional distress and unlawful retaliation under Labor Code section 1102.5. Id. at 240. The trial court granted a motion for nonsuit as to all causes of action other than the section 1102.5 claim and the intentional infliction of emotional distress claim. Id. The jury returned a verdict in favor of plaintiff in the sum of $1.3 million for emotional distress damages and $125,000 for economic damages. Id. at 240-241.

  Although the Court can see Defendant's argument as to why this case may be factually analogous, there are just too many egregious facts in Gardenhire that are not present here. For one, there is no claim here for intentional infliction of emotional distress. Two, in Gardenhire, Plaintiff's supervisor yelled at her, called her a liar, threatened to have her terminated, and admitted that she would have gone through with the termination had it not been for the lawsuit. Id. at 239-240. The supervisor also made Plaintiff return the company vehicle, changed the locks on Plaintiff's office, and accused her of stealing company property. Id. Moreover, the supervisor accused Plaintiff in a staff meeting of "being a roadblock preventing Black people from getting work." Facts analogous to these simply are not alleged in the Complaint. All Plaintiff has alleged is that he made protected complaints to the FAA and Defendant retaliated against him by demoting him and transferring his position. There are no facts which support an analogous

comparison to these cases in which juries awarded substantial sums for emotional distress. Accordingly, the Court does not find persuasive Defendant's argument that the Complaint places more than $75,000 in emotional distress damages in controversy.

### E. Punitive Damages

Plaintiff also seeks to recover punitive damages. (Complaint ¶¶ 18, 23, Prayer for Relief.) Punitive damages are part of the amount in controversy in a civil action. Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001). In California, juries are instructed to consider several factors in awarding punitive damages, including the reprehensibility of the defendant's conduct, whether the amount of punitive damages will have a deterrent effect in light of the defendant's financial condition, and whether the punitive damages bear a reasonable relation to the injury, harm, or damage actually suffered. Boyle v. Lorimar Prods., Inc., 13 F.3d 1357, 1360 (9th Cir. 1994) (citing Las Palmas Assoc. v. Las Palmas Ctr., 235 Cal. App. 3d 1220 (1991)).

Defendant argues that the potential for punitive damages in this case is large. (Opp. at 5-7.) The Court is not persuaded. There are no specific allegations in the Complaint regarding Defendant's conduct other than Defendant "acted with oppression, malice and/or conscious disregard of Plaintiff's rights" when it demoted and transferred Plaintiff's position. (Complaint ¶¶ 18, 23.) Neither is there any evidence or allegation of Defendant's financial condition or whether the relation between punitive damages and the injury is "reasonable."

Moreover, all of the cases Defendant cites involve plaintiffs who were terminated from their positions, and as such, all of these cases are materially distinguishable from the case at bar. See Aucina v. Amoco Oil Co., 871 F. Supp. 332 (S.D. Iowa 1994) (alleging discrimination and wrongful termination); Rodriguez, 2016 WL 3902838, at *1 (alleging wrongful termination); Simmons, 209 F. Supp. 2d at 1030 (alleging racial discrimination and wrongful termination); Escalante vs. Wilson's Art Studio, 2001 WL 1104277 (Cal. Superior June 18, 2001) (alleging wrongful termination); Dackerman v. The Military Press, 1996 WL 697486 (Cal. Superior Feb. 1996) (alleging wrongful termination, sexual harassment, and a hostile work environment); Maxwell v. Beverly Enterprises-California, Inc., 1995 WL 864851 (Cal. Superior Ct. Nov. 1995) (alleging wrongful termination); Schell vs. City of Los Angeles, 2001 WL 1720241 (CD. Cal. 2001) (same); Freund v. Nycomed Amersham, 2001 WL 3637220 (S.D. Cal. April 16, 2001) (same); Manuel v. Heart to Heart Care, Inc., Los Angeles Superior Court Case No. BC527985 (April 28, 2015) (same); Marlo v. UPS, Inc., 2012 WL 8441462 (C.D. Cal. Nov. 8, 2012) (same); Bryant v. San Diego Gas & Electric Company, San Diego Superior Court Case No. 37-2011-00091876-CU-WT-CTL (March 26, 2014) (same); Teutscher v. Riverside Sheriffs' Ass'n, No. ED CV-06-1208-RHW-OP, 2013 WL 1859217, at *1 (C.D. Cal. May 1, 2013) (same).

That an employer wrongfully terminated an employee is likely to result in much higher punitive damages than simply demoting or transferring them. As such, these cases are inapposite. Because Defendant has not provided the Court with any factually analogous awards upon which to base a calculation for punitive damages, the Court does not consider Defendant's estimates in its calculation of the amount in controversy.

## IV. CONCLUSION

If successful, Plaintiff would likely receive some award that included emotional distress and punitive damages. However, Defendant has not met its burden to establish that, more likely than not, this award would exceed the $55,000 necessary to meet the jurisdictional minimum when combined with the $20,000 in statutory penalties. Accordingly, Plaintiff's Motion to Remand the Action to San Bernardino County Superior Court is GRANTED. (Dkt. No. 13.) The Court REMANDS the action to California Superior Court for the County of San Bernardino. The September 19, 2016 hearing is VACATED.

**IT IS SO ORDERED.**